UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN

DAVID REINEKE
11799 Greenbriar Drive
Jerome, Michigan 49249

             *Plaintiff*

vs.

              __COMPLAINT__

GRAND TRUNK CORPORATION a/k/a
GRAND TRUNK WESTERN RAILROAD COMPANY      *PLAINTIFF DEMANDS*
A Subsidiary of the Canadian National      *TRIAL BY JURY*
2800 Livernois
Troy, Michigan 48083-1222

              Defendant.
-------------------------------------------------------------------------------/

    NOW COMES the Plaintiff, DAVID REINEKE, by and through his attorneys, THE KANTOR

LAW FIRM, PLLC, for his causes of action against the Defendant, GRAND TRUNK

CORPORATION a/k/a GRAND TRUNK WESTERN RAILROAD COMPANY, herein alleges:

1.  This action is being brought against the Defendant, pursuant to the provisions of the Federal

Employer's Liability Act (FELA), Title 45 U.S.C. § 51 et seq. and the amount in controversy,

exclusive of interest, exceeds $75,000.

2.  At all times hereinafter mentioned, the Defendant, GRAND TRUNK CORPORATION a/k/a

GRAND TRUNK WESTERN RAILROAD COMPANY, (hereinafter "GTW"), was and still is a

corporation duly organized, created and existing under the laws of the State of Michigan, authorized

to do business in the State of Michigan, and was and still is a common carrier in interstate

transportation and commerce by railroad.

3.  The Defendant, GTW, has tracks, operates trains and does business within the State of Michigan

and maintains a principle place of business in the Eastern District of the State of Michigan with

business offices located at 2800 Livernois, Troy, Michigan 48083.

4.  At all times hereinafter mentioned, the Plaintiff, DAVID REINEKE, was and still is an employee

of the Defendant, GTW, as that term is defined under 45 U.S.C. § 51 et seq. and was and is engaged

by the Defendant as a locomotive engineer to perform duties in the furtherance of its business interest and movement of freight in interstate and foreign commerce by Defendant, railroad.

5.  This Court has proper jurisdiction as established by 45 U.S.C. § 56 and 28 U.S.C. § 1331.

6.  The Plaintiff, DAVID REINEKE requests a trial by jury of all issues.

AS AND FOR A FIRST CAUSE OF ACTION<br>
THE PLAINTIFF, DAVID REINEKE,<br>
HEREIN ALLEGES FOR HIS FELA CLAIM:

7.  The Plaintiff, DAVID REINEKE, repeats and realleges paragraphs numbered "1" thru "6" as if they were more fully set out herein.

8.  On or about November 21, 2020, the Plaintiff, DAVID REINEKE, was assigned out of Battle Creek, Michigan and was performing his assigned duties at Markham Yard, as a locomotive engineer for the Defendant, GTW, in the furtherance of the Defendant's business in interstate commerce.

9.  During the course of performing his duties for the Defendant, GTW, on the aforementioned date, the Plaintiff, DAVID REINEKE was injured as a result of being caused to slip and fall on CN 8833 engine which was caused by the negligence of the Defendant, GTW, its employees and agents.

10. The Defendant, its agents, servants and employees were negligent in failing to properly provide the Plaintiff, DAVID REINEKE with a safe place to work; the failure of the Defendant to properly warn the Plaintiff of possible hazards to his health; the failure of the Defendant to keep its equipment and property in a proper and safe manner; the failure of the Defendant to properly inspect, repair and maintain its equipment and property; the failure of the Defendant to comply with applicable State and Federal Statutes including, but not limited to the Federal Employers Liability Act, 45 U.S.C. § 51 et seq., and the related Federal and State Rules and Regulations promulgated thereunder; failure of the Defendant to properly operate the job, together with other negligent acts or omissions; and in the general reckless, careless and negligent manner in which the Defendant, its agent, servants and employees conducted its business.

11. As a result of the Defendant, GTW, its employees and agents, negligence, the Plaintiff, DAVID REINEKE, was caused to suffer and/or aggravate severe, permanent, personal and painful physical and emotional injuries, disability, disfigurement, lost earnings and fringe benefits, wages, denial of social pleasure and enjoyments, change of lifestyle and has been and will be caused to lose time from his railroad employment and will incur additional expenses and suffer additional damages into the future.

12. The Plaintiff, DAVID REINEKE demands trial by jury of all issues.

AS AND FOR A SECOND CAUSE OF ACTION
THE PLAINTIFF, DAVID REINEKE,
HEREIN ALLEGES FOR HIS LOCOMOTIVE INSPECTION ACT CLAIM:

13. The Plaintiff, DAVID REINEKE, repeats and realleges paragraphs numbered "1" thru "12" as if they were more fully set out herein.

14. On or about November 21, 2020, the Plaintiff, DAVID REINEKE, was assigned out of Battle Creek, Michigan and was performing his assigned duties in the process of performing his assigned duties at Markham Yard as a locomotive engineer for the Defendant, GTW, in the furtherance of the Defendant's business in interstate commerce.

15. During the course of performing his duties for the Defendant, GTW, on the aforementioned date, the Plaintiff, DAVID REINEKE was injured as a result of the Defendant, GTW, its employees and agent's negligence when while working with CN engine 8833 whose locomotive, its boiler, tender and parts and appurtenances were not in proper condition and safe to operate without unnecessary danger or personal injury and, was not inspected, repaired and maintained properly in violation of 49 USC §20701, as a result, the Plaintiff was caused to slip and fall on said engine. The Defendant, its agents, servants and employees were negligent in failing to properly provide the Plaintiff, DAVID REINEKE with a safe place to work; the failure of the Defendant to properly warn the Plaintiff of possible hazards to his health; the failure of the Defendant to keep its equipment and property in a proper and safe manner; the failure of the Defendant to properly inspect, repair and maintain its equipment and property; the failure of the Defendant to comply with applicable State and Federal

Statutes including, but not limited to, 45 U.S.C. § 51 et seq., and the related Federal and State Rules and Regulations promulgated thereunder, including, but not limited to 49 USC §20701 and in the general reckless, careless and negligent manner in which the Defendant, its agent, servants and employees conducted its business.

16. As a result of the Defendant, GTW, its employees and agents, negligence, the Plaintiff, DAVID REINEKE, was caused to suffer and/or aggravate severe, permanent, personal and painful physical and emotional injuries, disability, disfigurement, lost earnings and fringe benefits, denial of social pleasure and enjoyments, change of lifestyle and has been and will be caused to lose time from his railroad employment and will incur additional expenses and suffer additional damages into the future.

17. The Plaintiff, DAVID REINEKE demands trial by jury of all issues.

WHEREFORE, the Plaintiff, DAVID REINEKE, demands a money judgment against the Defendant, GRAND TRUNK CORPORATION also known as the GRAND TRUNK WESTERN RAILROAD COMPANY, for whatever amount said Plaintiff is found to be entitled to, together with the costs and disbursements of this action.

Dated:    May 4, 2022
          Williamsville, New York

STEVEN L. KANTOR, ESQ.
The Kantor Law Firm, PLLC
Attorneys for Plaintiff
348 Harris Hill Road – Ste. A
Williamsville, New York 14221
(716) 626-0404
kantorlaw@roadrunner.com

David J. Nickola, ESQ. (P43203)
Nickola & Nickola
Local Counsel for Plaintiff
1015 Church Street
Flint, Michigan 48502
810-767-5420
djn@nickola-law.com