# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **DAVID REINEKE,** | CASE NO.: 2:22-cv-10953-NGE-KGA |
| Plaintiff, | JUDGE: NANCY G. EDMUNDS |
| vs. | |
| **GRAND TRUNK WESTERN CORPORATION aka GRAND TRUNK WESTERN RAILROAD COMPANY**, | |
| Defendant. | |

| | |
|---|---|
| **STEVEN L. KANTOR** | **KEVIN C. ALEXANDERSEN (OH0037312)** |
| **THE KANTOR LAW FIRM, PLLC** | **COLLEEN A. MOUNTCASTLE (P82623)** |
| 348 Harris Hill Road, Ste. A | **BROOKE L. HAMILTON (P84122)** |
| Williamsville, New York 14221 | **BURNS WHITE LLC** |
| (716) 626-0404 | US Bank Centre |
| **and** | 1350 Euclid Ave., Suite 1060 |
| **DAVID J. NICKOLA (P43203)** | Cleveland, Ohio 44115 |
| **NICKOLA & NICKOLA** | Phone 216.760.1827 |
| 1015 Church Street | kcalexandersen@burnswhite.com |
| Flint, MI 48502 | camountcastle@burnswhite.com |
| (810) 767-5420 | blhamilton@burnswhite.com |
| djn@nickola-law.com | *Attorneys for Defendant Grand Trunk* |
| *Attorneys for Plaintiff* | *Western Railroad Company* |

## DEFENDANT GRAND TRUNK WESTERN RAILROAD COMPANY'S ANSWER, AND AFFIRMATIVE DEFENSES

Defendant, Grand Trunk Western Railroad Company, improperly identified as "Grand Trunk Corporation aka Grand Trunk Western Railroad Company", by and through counsel, for its Answer to Plaintiff's Complaint states:

1. As to the allegations contained in Paragraph 1 of Plaintiff's Complaint that are questions of law for the Court's determination, no response is required. To the extent a response is required and as to the remainder of the allegations, Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2-3. Defendant denies the allegations contained in Paragraphs 2 and 3 of Plaintiff's Complaint as written. Further responding, Grand Trunk Western Railroad Company, is a Michigan corporation with its principal place of business in Homewood, Illinois, and is a wholly owned subsidiary of Grand Trunk Corporation, a Delaware corporation, which is a wholly owned subsidiary of North American Railways, Inc., a Delaware corporation, which is a wholly owned subsidiary of Canadian National Railway Company, a Canadian corporation. Grand Trunk Western Railroad Company is engaged in Interstate commerce as a common rail carrier and operates a line and system of railroads in the United States, including Michigan. Grand Trunk Western Railroad Company is an operating railroad and separate company.

4. Defendant admits that Plaintiff is an employee of Grand Trunk Western Railroad Company, but denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint as written.

5-6. The allegations contained in Paragraphs 5 and 6 of Plaintiff's Complaint are questions of law for the Court's determination and no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraphs 5 and 6 of Plaintiff's Complaint. Further responding, if Plaintiff's jury demand is deemed sufficient, Defendant joins in Plaintiff's demand for a jury trial on all issues.

**COUNT I**

7. Defendant incorporates herein by reference its Answers to Paragraphs 1 through 6 above as though fully set forth herein.

8. Defendant admits that Plaintiff was an employee of Grand Trunk Western Railroad Company on November 21, 2020, but denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint as written.

9-11. Defendant denies the allegations contained in Paragraphs 9, 10, and 11 of Plaintiff's Complaint.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint is a question of law for the Court's determination and no response is required. To the extent a response is required, if Plaintiff's jury demand is deemed sufficient, Defendant joins in Plaintiff's demand for a jury trial on all issues.

## COUNT II

13. Defendant incorporates herein by reference its Answers to Paragraphs 1 through 12 above as though fully set forth herein.

14. Defendant admits that Plaintiff was an employee of Grand Trunk Western Railroad Company on November 21, 2020, but denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint as written.

15-16. Defendant denies the allegations contained in Paragraphs 15 and 16 of Plaintiff's Complaint.

17. The allegations contained in Paragraph 17 of Plaintiff's Complaint is a question of law for the Court's determination and no response is required. To the extent a response is required, if Plaintiff's jury demand is deemed sufficient, Defendant joins in Plaintiff's demand for a jury trial on all issues.

## **AFFIRMATIVE DEFENSES OF DEFENDANT**

In addition to the denials and defenses set forth in its Answer to Plaintiff's Complaint, Defendant will rely on the following Affirmative Defenses:

1. Defendant, Grand Trunk Western Railroad Company, has been improperly identified as "Grand Trunk Corporation aka Grand Trunk Western Railroad Company."

2. Plaintiff has failed to state a claim for which relief can be granted.

3. Plaintiff's claimed damages, if any, were caused in whole or in substantial part by his own negligence.

4. Plaintiff's claimed damages, if any, were caused by the acts or omissions of third parties other than this Answering Defendant.

5. The incident at hand was caused by an act of God or force majeure.

6. Plaintiff's claims are barred by the applicable statute of limitations/limitation period.

7. Plaintiff's claims are barred or limited by principles of collateral estoppel and/or *res judicata*.

8. Plaintiff's claims are barred by release, accord and satisfaction and prior judgments/settlements.

9. Plaintiff has failed to mitigate his claimed damages, if any.

10. Service of process failed and/or was insufficient.

11. Venue is improper.

12. The condition from which Plaintiff incurred his alleged injuries/damages was open and obvious.

13. Defendant had no actual or constructive notice of any alleged defective condition allegedly the cause of Plaintiff's claimed injury.

14. Defendant asserts that Plaintiffs injuries, if any, occurred on property and equipment maintained by one other than the answering Defendant.

15. Plaintiff's claimed injuries, if any, were caused by prior existing medical conditions.

16. Plaintiff's claims are barred/pre-empted, in whole or in part, by federal law.

17. The named Defendant is not the proper party in interest.

18. Without waiving its denial of liability to Plaintiff, Defendant is entitled to the benefit of all statutory and common law set-off provisions allowed or other collateral source payments.

19. Defendant asserts that Plaintiffs injuries, if any, are the result of a superseding and/or intervening act for which the Defendant is not responsible.

20. Defendant asserts that this Court lacks personal jurisdiction over Defendant and lacks subject matter jurisdiction to hear Plaintiffs claim.

21. Defendant relies upon the defenses available to it under MCL 600.2955a, 600.2956, 600.2957, 600.2958, 600.2960, 600.6303, 600.6304.

22. To the extent Plaintiff is claiming economic damages, Defendant seeks the benefit of all statutory and common law set-off provisions allowed or other collateral source payments including, but not limited to, those contemplated by MCL 600.6303.

23. Defendants incorporate herein by reference all of the Affirmative Defenses available to it under the Federal Rules of Civil Procedure.

24.     Defendant reserves the right to add other Affirmative Defenses as they are discovered and now therefore incorporates said Affirmative Defenses yet to be discovered as though fully set forth herein pursuant to the Federal Rules of Civil Procedure, and any applicable defense by statute or common law.

**WHEREFORE**, having fully answered, Defendant, Grand Trunk Western Railroad Company, improperly identified as "Grand Trunk Corporation aka Grand Trunk Western Railroad Company", prays that the Complaint of Plaintiff be dismissed; that judgment be entered in Defendant's favor, and that Defendant be awarded its costs and attorney's fees and such other relief as the Court deems just.

Respectfully Submitted,

*s/ Colleen A. Mountcastle*
**KEVIN C. ALEXANDERSEN (OH0037312)**
**COLLEEN A. MOUNTCASTLE (P82623)**
**BROOKE L. HAMILTON (P84122)**
**BURNS WHITE LLC**
US Bank Centre
1350 Euclid Ave., Suite 1060
Cleveland, Ohio 44115
Phone 216.760.1827
kcalexandersen@burnswhite.com
camountcastle@burnswhite.com
blhamilton@burnswhite.com
***Attorneys for Defendant Grand Trunk Western Railroad Company***

### DEFENDANT GRAND TRUNK WESTERN RAILROAD COMPANY'S RELIANCE ON JURY DEMAND

Defendant, Grand Trunk Western Railroad Company, improperly identified as "Grand Trunk Corporation aka Grand Trunk Western Railroad Company," by and through its counsel, hereby relies on Plaintiff's demand for jury trial in the above-captioned matter.

Respectfully Submitted,

*s/ Colleen A. Mountcastle*
**KEVIN C. ALEXANDERSEN (OH0037312)**
**COLLEEN A. MOUNTCASTLE (P82623)**
**BROOKE L. HAMILTON (P84122)**
**BURNS WHITE LLC**
US Bank Centre
1350 Euclid Ave., Suite 1060
Cleveland, Ohio 44115
Phone 216.760.1827
kcalexandersen@burnswhite.com
camountcastle@burnswhite.com
blhamilton@burnswhite.com
***Attorneys for Defendant Grand Trunk Western Railroad Company***

### CERTIFICATE OF SERVICE

I hereby certify that on **June 1, 2022**, a true and correct copy of the foregoing has been filed through the ECF system and will be electronically served on all counsel of record who are registered participants.

Respectfully Submitted,

*s/ Colleen A. Mountcastle*
**KEVIN C. ALEXANDERSEN (OH0037312)**
**COLLEEN A. MOUNTCASTLE (P82623)**
**BROOKE L. HAMILTON (P84122)**
**BURNS WHITE LLC**